UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH R. BARGERON,

    Petitioner,

v.                                                                 Case No. 6:12-cv-648-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Respondents filed a response and a supplemental response to the petition in compliance with this Court's instructions (Doc. Nos. 11 & 19). Petitioner filed replies to the response and supplemental response (Doc. Nos. 17 & 20).

Petitioner alleges one claim for relief in his petition: the trial court erred by denying his motion to dismiss based on the statute of limitations. For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

I. *Procedural History*

Petitioner was charged by information with lewd or lascivious molestation. A jury trial was conducted, and Petitioner was found guilty. The trial court sentenced Petitioner to a ten-year term of imprisonment. Petitioner appealed his conviction. The Fifth District Court of Appeal of Florida affirmed *per curiam* on October 19, 2010.

## II. Petitioner's Habeas Corpus Petition is Untimely

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal on October 19, 2010. Petitioner then had ninety days, or through January 17, 2011, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup.

2

Ct. R. 13.[1]  Thus, under § 2244(d)(1)(A), the judgment of conviction became final on January 17, 2011, and Petitioner had through January 17, 2012, absent any tolling, to file a federal habeas corpus petition.  *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired).  Thus, the instant petition filed on April 23, 2012, was not filed within the one-year limitation period.

Petitioner appears to argue that the one-year period should be subject to equitable tolling because (1) he was not notified that mandate had issued from the denial of his direct appeal until September 9, 2011, (2) he was placed in a mental institution at some unidentified time, and (3) he has a low I.Q.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

[1]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing his habeas petition. On October 19, 2010, Petitioner's attorney notified him that his conviction and sentence had been affirmed by the Fifth District Court of Appeal and that mandate would issue fifteen days thereafter. (Doc. No. 19 at 6-9.) Petitioner, therefore, either knew or with due diligence should have known by November 10, 2010, that his conviction had been affirmed and mandate had issued.

Likewise, Petitioner has not shown that his placement in a mental institution at some point in time prevented him from timely filing his habeas petition. "Illness-mental or physical - tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005); *see also Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (concluding equitable tolling was not warranted because the petitioner failed to "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition"); *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999) ("Mental illness prejudices a petitioner if it interferes with or impedes his or her ability to comply with state procedural requirements, such as pursuing post-conviction relief within a specific time period."); *Cutts v. Jones,* 2009 WL 230091, *7 (M.D. Ala. 2009) (concluding that equitable tolling was not warranted based on the petitioner's allegations of mental impairment because he failed to establish a causal connection between the alleged mental impairment and his ability to file a timely federal habeas petition). Petitioner has not provided any evidence demonstrating that he was

4

suffering from a mental illness during the relevant time period, January 17, 2011, through January 17, 2012. Petitioner also has not indicated when he was placed in a mental institution or the length of time he was held there, nor has he provided any evidence to establish that his placement in a mental institution kept him from timely filing his habeas petition. Moreover, Petitioner was able to file documents in the state court prior to the expiration of the one-year limitation period on January 17, 2012. *See* Doc. No. 17-1 at 1. Thus, Petitioner has not demonstrated that his placement in a mental institution was an extraordinary circumstance that prevented him from timely filing his petition.

Furthermore, Petitioner's purportedly low I.Q. does not warrant equitable tolling. Petitioner does not explain how his low I.Q. "prevented him from exercising due diligence or otherwise allege a causal connection between his alleged mental impairment and his failure to file a timely" habeas petition. *Doe v. United States*, 469 F. App'x 798, 800-01 (11th Cir. 2012) (citing *Lawrence*, 421 F.3d at 1226-27.) Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.

Petitioner also argues that the one-year limitation should not bar his claims because he is actually innocent. A showing of actual innocence may relieve habeas petitioners from the burdens imposed by § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*,

5

513 U.S. 298, 327 (1995)).

> "The petitioner meets the 'probably resulted' standard by demonstrating, based on the new evidence, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" "The 'reasonable doubt' standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's 'probabilistic determination about what reasonable, properly instructed jurors would do.'" "The petitioner must support the actual innocence claim 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'"

*Id.* (citations omitted). The circumstances meriting the consideration of a procedurally defaulted or barred constitutional claim are "extremely rare" and apply only in the "extraordinary case." *Schlup*, 513 U.S. at 324 ("[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

Petitioner does not support his allegation of innocence with sufficient reliable evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316. Moreover, Petitioner has not demonstrated that he is factually innocent. Accordingly, the petition was untimely filed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of October, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 10/7
Kenneth R. Bargeron
Counsel of Record